# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) | Civil Action No.: 1:16-cv-02547-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Barbara S. Baskett and Michael Ferguson, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff State Farm Fire and Casualty Company's ("Plaintiff") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 ("Motion"). (ECF No. 24.) Plaintiff filed a declaratory judgment action against Defendants Barbara S. Baskett ("Baskett") and Michael Ferguson ("Ferguson"), seeking a declaration that Policy No. 99-BN-N-353-5 issued to Defendant Baskett neither provides coverage for claims asserted in an Underlying Lawsuit nor requires it to defend or indemnify Defendant Ferguson. (ECF No. 1.) For the reasons set forth below, the court **GRANTS** Plaintiff's Motion.

## I.   RELEVANT BACKGROUND TO PENDING MOTION

On May 10, 2016, Plaintiff issued Defendant Baskett, the named insured under the policy, a Rental Dwelling policy, policy No. 99-BN-N353-5 ("Policy") for a house located at 514 Lucy Avenue, Belvedere, South Carolina ("house"). (ECF No. 1-1.) At the issuance of the Policy, Defendant Ferguson was the owner (life estate) of the house and Defendant Baskett did not possess any ownership interest of the house or at any time subsequent thereto. (Id. at 1-2.)   However, Defendant Baskett and several individuals possessed a remainder interest in the house. (Id.)

1

On March 9, 2017, Ms. Ebony Daniels filed a Complaint in the Court of Common Pleas for Aiken County, South Carolina ("Underlying Lawsuit") against Defendant Ferguson, alleging that she slipped and fell at the house. (Id. at 2.) The Underlying Lawsuit alleges that Defendant Ferguson was grossly negligent, willful, and wanton. (Id.) Ms. Daniels alleges that she was injured and incurred medical costs as a result of the fall at the house. (Id.)

## II.  LEGAL STANDARDS

A.  Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

B.  Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

C.  General Principles of South Carolina Insurance Law

Under South Carolina law, insurance policies are subject to the general rules of contract construction. B.L.G. Enters., Inc. v. First Fin. Ins. Co., 514 S.E.2d 327, 330 (S.C. 1999). "When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used." Id. The court must enforce, not write, contracts of insurance and must give policy language its plain, ordinary, and popular meaning. Id. "[I]n construing an insurance

3

contract, all of its provisions should be considered, and one may not, by pointing out a single sentence or clause, create an ambiguity." Yarborough v. Phoenix Mut. Life Ins. Co., 225 S.E.2d 344, 348 (S.C. 1976). "A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Hawkins v. Greenwood Dev. Corp., 493 S.E.2d 875, 878 (S.C. Ct. App. 1997). "Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted." Poston v. Nat'l Fid. Life Ins. Co., 399 S.E.2d 770, 772 (S.C. 1990).

An insurer's obligation under a policy of insurance is defined by the terms of the policy itself and cannot be enlarged by judicial construction. S.C. Ins. Co. v. White, 390 S.E.2d 471, 474 (S.C. Ct. App. 1990). A policy clause extending coverage must be liberally construed in favor of coverage, while insurance policy exclusions are construed most strongly against the insurance company, which also bears the burden of establishing the exclusion's applicability. M&M Corp. of S.C. v. Auto–Owners Ins. Co., 701 S.E.2d 33, 35 (S.C. 2010); Owners Ins. Co. v. Clayton, 614 S.E.2d 611, 614 (S.C. 2005). Even though "exclusions in a policy are construed against the insurer, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or a statutory prohibition." S.C. Farm Bureau Mut. Ins. Co. v. Dawsey, 638 S.E.2d 103, 104 (S.C. Ct. App. 2006) (citing B.L.G. Enters., 514 S.E.2d at 330). "However, if the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend coverage that was never intended by the parties." S.C. Farm Bureau Mut. Ins. Co. v. Wilson, 544 S.E.2d 848, 850 (S.C. Ct. App. 2001).

D.  Coverage Questions, the Duty to Defend, and the Duty to Indemnify Under South Carolina Law

Under South Carolina law, questions of coverage and the duty to defend under an insurance policy generally are determined by the allegations of the complaint. See Jessco, Inc. v. Builders Mut. Ins. Co., No. 10-1215, 2012 WL 1035721, at *2 (4th Cir. Mar. 29, 2012). If the underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend. See City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund, 677 S.E.2d 574, 578 (S.C. 2009) (citation omitted). Although a determination of an insurer's duty to defend is dependent upon the insured's complaint, an analysis of this duty involves the allegations of the complaint and not the specifically identified causes of action. Id. at 579; see also Collins Holding Corp. v. Wausau Underwriters Ins. Co., 666 S.E.2d 897, 899-900 (S.C. 2008). Moreover, an insurer's duty to defend may also be determined by facts outside of the complaint that are known by the insurer. See USAA Prop & Cas. Ins. Co. v. Clegg, 661 S.E.2d 791, 798 (S.C. 2008). If an insured has no duty to defend, it will know that it has no duty to indemnify. See Am. S. Ins. Co. v. Moras Roofing, LLC, No. 2:09-1966-PMD, 2010 WL 2710588, at *4 (D.S.C. July 7, 2010).

Under South Carolina law, a liability insurer's duty to indemnify is determined by the findings of the fact finder in the underlying case. Ellett Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388–89 (4th Cir. 2001) (citing Jourdan v. Boggs/Vaughn Contracting, Inc., 476 S.E.2d 708, 711 (S.C. Ct. App. 1996)). In other words, "[t]here is no obligation to defend until an action is brought and no obligation to indemnify until a judgment against the insured is obtained." See Howard v. Allen, 176 S.E.2d 127, 129 (S.C. 1970).

## III.    ANALYSIS

Plaintiff asserts that it is entitled to summary judgment because Defendant Ferguson is not a named insured on the Policy and thus, it has no duty to defend or indemnify him. (ECF No. 24-1 at 4.) Plaintiff argues that the definition of an insured under the Policy covers the named insured and a spouse. The Rental Dwelling Policy issued to Defendant Baskett contains provisions below:

> "insured" means:
> a.  if the named insured is designated in the Declarations as an individual and is a sole proprietor, the named insured and spouse;
> b.  if the named insured is designated in the Declarations as a partnership or venture, the partnership or joint venture so designated and any partner or member thereof;
> c.  if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization trustees, directors or governors or stockholder thereof while acting within the scope of their duties;
> d.  any employee of the named insured while acting within the scope of that employment;
> e.  any person or organization while acting as real estate manager for the named insured.
>
> The insurance afforded applies separately to each insured against whom claim is made, or suit is brought, except with respect to the limits of our Company's liability.
>
> This insurance does not apply to bodily injury or personal injury or property damage arising out of the conduct of any partnership or joint venture which is not designated in this policy as a named insured.
> (ECF No. 24-1 at 2-3.)

As provided in the Rental Dwelling Policy, Defendant Baskett and her spouse are the only named insured. Because Defendant Ferguson is a brother and not the spouse of Defendant Baskett, he does not fall under the definition of named insured. (Id.)

<u>The Court's Review</u>

In analyzing the Policy's provision, the court finds that the language in the Policy is plain and unambiguous – the named insured designated as an individual in the Policy includes the named insured and spouse.  As applied in this case, the definition of "the named insured" clearly and

unequivocally includes the named insured under the Policy and the spouse. (ECF No. 24-1 at 2.) Accordingly, the court finds that Defendant Ferguson is not included in the definition of an insured under the Policy.

## IV. CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS** Plaintiff State Farm Fire and Casualty Company's Motion for Summary Judgment. (ECF No. 24.) Plaintiff does not have any duty to either provide Defendant Michael Ferguson with a defense in the Underlying Lawsuit or indemnify Defendant Michael Ferguson for any judgment in the Underlying Lawsuit.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

June 16, 2017
Columbia, South Carolina